Judge Buckner,
delivered the opinion of the court.
’ This was an action of ejectment, instituted in 1815, in the circuit court,by the plaintiffs against the defendants in error. They succeeded in recovering judgment, which, upon a writ of error, prosecuted by the defendants, was reversed by this- court.- See-Lit". *635 fell’s select cases, 296. Upon the return of'the cause, it was again tried, and the verdict and judgment obtained in favor of the defendants. To reverse it, this writ of error is prosecuted,
In support of their claim, the plaintiffs read in evidence, a patent from the commonwealth of Virginia, to Jeremiah Moore, for two thousand acres of land, bearing date 20th of August, 1785, and proved that it Covered the land in controversy, and that the defendants were in possession at the commencement of this suit-. They offered in defence, a copy of a deed, alleged to have been executed by the patentee, to WGathers Smith, for a portion of said two thousand acres,and to have been lost. They also proved by parol, the contents of the originiali On the motion of the defendants, this proof was excluded,-upon the ground, that the ’execution of the-original had not-been sufficiently proved; and the plaintiffs excepted to the opinion. They then read in-evidence, a deed from the patentee, dated Iltli of February, 1794, to James French, conveying to hitman undivided third part of said,, tract; a deed from French to’Weathers Smith, dated September, 1794,-for the land in controversy; and a deed from the latter to George Smith, dated April, 1804, for the same. George Smith died, previous to the institution of this-Suit. The plaintiffs were his heirs at law.
The defendants claimed under a patent in the name »f Robert- Sanders, for one thousand acres, also covering the- land- in controversy, dated in March, 1786, which was read in evidence. They proved that Hathaway and Clements, two of the defendants, having previously purchased' from Sanders by metes and bounds, a part of the land imcontest, had’ been in possession of" the parts so purchased by them,,from the beginning of the year 1794. Two other defendants, Roberson and Oakley, who also claimed' under Sanders, other parta •f- the land in controversy, but not within the bounds, elaimed by Clements and- Hathaway, took- possession of their purchases, since the year 1800. It was also proved, that in the year 1793, a man named Miller, as lessee of Sanders, settled on his tract of one thousand acres, but not within the interference, binding himself Sn consideration of the lease, to prevent persons from committing tresspasses thereon. In the spring of tins *636 year I79Í, Miller, extending an improvement which-he was making on the land, in a direction towards one of the lines of Moore’s patent, deadened some trees within the interference, between the two patents, but did not clear the land, and when he enclosed his improvement, did not include any part of Moore’s claim, ■ Miller resided on the place for about five years, and then moved away, Sanders haying sold the place oft which he lived to another.
The foregoing being the state of .the case as exhibited by the proof, the defendants moved the court to instruct the jury, as in case of a nonsuit, on the ground, that at the date of the deed from French to Weathers Smith, the land in controversy, was in the adverse possession of Sanders, and those claiming under him; and that therefore,nothing passed by the deed; which motion was sustained by the court, and the plaintiffs excepted to the opinion.
Whether the circuit court erred in excluding the proof in relation to the deed from Moore tp Weathers Smith, it is unnecessary to determine. Some of the persons, whose names had been subscrided to it, as attesting witnesses, were examined, and had no recollection of its execution, although one of them did recollect, that about the time it hears date, he witnessed some instrument of writing from Moore to Weathers-Smith, but could not say what was its character. But-one other attesting witness residing in this state at the time of the trial was not present, nor was it shewn that her testimony could not be procurred; and it seems to have been, on that ground, that the opinion of the circuit court excluding the proof was founded. Testimony, other than that of the subscribing witnesses, was certainly incompetent to prove the execution of the deed; but other testimony had been admitted without objection, from which, if creditable, its execution might have been considered as established; and rebutting testimony had been offered by the defendants, under such circumstances, it is by no means clear, that it was proper to reject the evidence and copy which had been read without objection in the first-instance. But, as the judgment is erroneous on another ground, and, as upon a further trial of the case, the proof may, and *637 probably will present it in a different attitude in this respect, we shall give no opinion on the point.
The si: i against mamperty am maintenance not repealed till 179®.
Court has no right to interfere with the province of the jury in determining questions of fact., instructions should be hypothetical when any' contrariety si evidence,
Were the position assumed by the circuit court, as the basis of its opinion, true, it would certainly follow, as a legal consequence, that no title passed to French by the deed of February, 1794; for the act declaring, that a person purchasing an interest, in a legal or equitable claim, under the land laws of Virginia, should not be precluded from prosecuting or defending it under such contract or purchase; and that no suit instituted to establish it, should be considered as coming within the provisions of the common law, or statute against champerty and maintenance, did not pass until December, 1798. The court might, with propriety, have instructed the jury, that if they believed from the evidence, that Sanders or his tenant, Miller, was in the adverse possession of the land in controversy, when the deed alluded to was executed, nothing passed by it. The court might also have instructed them, that if, from the evidence, they believed that Clements and Hathaway, deriving title under Sanders, were in possession of the land claimed by them at the time mentioned, no title passed to French for the land so possessed by them. But whether the testimony established those facts, was matter of evidence, the determination of which, belonged to the jury exclusively. The court had no right to interfere, deciding both law and facts, instructions founded on a supposed state of case, when the evidence conduces to shew a different state, cannot be properly sustained, unless hypothetically given. A defendant may, with propriety move the court, upon the evidence of his adversary, admitting such evidence to be true, and every inference reasonably deducible from it, for a peremptory instruction to find for him. But that cannot be done only where the plaintiff alone has given evidence, or where the evidence offered by the defendant is composed of record or uncontested official documents, or writings. See Dallam vs. Handley, II Mar. 432, and McPherson vs. Hickmans, I Mon. 171.
We are therefore, of opinion, that the circuit court erred in giving the instructions to which we have referred. It may be, that the jury, wit mut any such in.struction,would have found as they did: hut we cannot *638 determine, as to what influence the erroneous instruction may have had on their minds.
Simpson, for plaintiffs; Hanson, Denny and Triplettv, for defendant.
The judgment of the circuit court must be reversed with costs, and the cause-remanded to that court, that further proceedings may Be-had not inconsistent with this opinion.